IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00077-EWN-KLM

PAMELA L. MCPHILLLIPS,

    Plaintiff(s),

v.

MARY E. PETERS[1], Secretary,
Department of Transportation,

    Defendant(s).

___

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
___
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Defendant's Motion for Summary Judgment** [Docket No. 19; filed July 2, 2007] ("Motion for Summary Judgment"). Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C.COLO.L.Civ.R. 72.1.C., the matter has been referred to this Court for recommendation. The Court has reviewed the Motion for Summary Judgment, Plaintiff's Response [Docket No. 22; filed August 2, 2007], Defendant's Reply [Docket No. 24; filed August 17, 2007], the entire case file, and the applicable law and is sufficiently advised in the premises. For the reasons set forth below, the Court recommends that the Motion for Summary Judgment [Docket No. 19] be **GRANTED**.

---

[1]Pursuant to Fed. R. Civ. P. 25(d)(1), Secretary Mary E. Peters has been automatically substituted as a party to this action. She succeeds Maria Cino, who, as Acting Secretary, succeeded former Secretary Norman Mineta, the original defendant in this action.

1

## II. Undisputed Facts

The Court finds the following facts to be undisputed. Plaintiff was employed by the Department of Transportation ("DOT"), Federal Aviation Administration ("FAA") from 1982 until October 4, 2005. *Response*, p. 5. Plaintiff was employed as an Automation Specialist at the Denver Flight Service Data Processing System ("FSDPS") office in Longmont, Colorado. *Motion for Summary Judgment*, p. 1-2. On February 1, 2005, DOT announced that contracts for its FSDPS and Automated Flight Services Station ("AFSS") had been awarded to a private contractor, who would assume the functions as of October 4, 2005. *Id.* at p. 2. On February 18, 2005, DOT declared that the AFSS and FSDPS offices were surplus offices. *Id.* On June 8, 2005, DOT issued Vacancy Announcement No. ANM-AAF-05-050124-79084 for Airway Transportation Specialists. *Id.* This announcement was for "multiple" positions. *Id.* Plaintiff timely applied for one of these positions, was qualified, and was considered for it. *Id.* DOT notified Plaintiff that she was not selected for the position on August 13, 2005. *Id.*

On October 7, 2005, Plaintiff initiated her first contact with FAA's National Intake Unit regarding the alleged discrimination which forms the basis of this action. *Id.* Plaintiff filed her formal complaint alleging that DOT discriminated against her on the basis of her sex regarding her non-selection on December 2, 2005. *Id.* at p. 3. DOT's Office of Civil Rights dismissed Plaintiff's complaint as she failed to initiate contact with

an EEO counselor within forty-five (45) days of her non-selection. *Id.* at Ex. A-1, p. 8. Plaintiff appealed the decision to dismiss her complaint due to untimeliness to the EEOC Office of Federal Operations on April 14, 2006. *Id.* The EEOC affirmed the decision to dismiss Plaintiff's complaint on July 21, 2006. *Id.* Plaintiff requested reconsideration of the EEOC's decision on August 22, 2006, and this reconsideration was denied by the EEOC on October 18, 2006. *Id.* Plaintiff filed her Complaint in this Court on January 12, 2007 [Docket No. 1].

**III. Discussion**

   **A. Legal Standards Applicable to Plaintiff's Claims**

The purpose of a summary judgment motion, unlike that of a motion to dismiss, is to determine whether there is evidence to support a party's factual claims. In reviewing a summary judgment motion, the court is to view the record "in the light most favorable to the nonmoving party." *Thournir v. Meyer,* 909 F.2d 408, 409 (10th Cir.1990) (citation omitted). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248-50 (1986); *Concrete Works of Colorado, Inc. v. City & County of Denver,* 36 F.3d 1513, 1517 (10th Cir.1994). A genuine issue of material fact exists "if the evidence is such that a reasonable jury

could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. The moving party bears the initial burden, by reference to portions of pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, to demonstrate the absence of genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The party opposing the motion is then required to go beyond the pleadings and designate evidence of specific facts showing that there is a genuine issue for trial. *Id.* at 324. Unsupported conclusory allegations thus do not create a genuine issue of fact. *See United States v. Simons,* 129 F.3d 1386, 1388-89 (10th Cir.1997) (citing *Allen v. Muskogee, Okla.,* 119 F.3d 837, 843-44 (10th Cir.1997)). The court may only consider admissible evidence when ruling on a summary judgment motion. *See World of Sleep, Inc. v. La-Z-Boy Chair Co.,* 756 F.2d 1467, 1474 (10th Cir.1985); Fed. R. Civ. P. 56(e).[2]

Finally, because Plaintiff here is proceeding *pro se*, the Court construes her pleadings liberally. *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003). Even so, Plaintiff still retains "the burden of alleging sufficient facts on which a

---

[2]Defendant filed evidentiary objections to Plaintiff's Response to Defendant's Motion for Summary Judgment, in which Defendant asserted that four facts alleged by Plaintiff in her Response to Defendant's Motion for Summary Judgment were inadmissible for a variety of reasons [Docket No. 25; filed August 17, 2007]. It is true that courts "need not consider evidence that does not conform" to the requirements of 56(e). *See, e.g., Gallegos v. Swift & Co.*, 237 F.R.D. 633, 641 (D.Colo. 2006). However, even though Plaintiff has not included a sworn affidavit, I do not agree that each statement to which Defendant objects is inadmissible.
    Defendant has identified four statements which it believes are inadmissible. Defendant's objections as to the first two statements are overruled, as I find that Plaintiff could have sufficient personal knowledge as to these facts. Defendant's objections as to the second two statements are sustained, pursuant to Fed. R. Evid. 402 and Fed. R. Evid. 802. The latter statements were not considered by the Court in ruling on Defendant's Motion for Summary Judgment.

recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). This burden remains because a "*pro se* plaintiff requires no special legal training to recount the facts surrounding [her] alleged injury, and [she] must provide such facts if the court is to determine whether [she] makes out a claim on which relief can be granted." *Id.* A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

### B. Analysis

Defendant has moved for summary judgment pursuant to Fed. R. Civ. P. 56. Defendant presents a single argument in support of her Motion: Defendant alleges that Plaintiff is barred from bringing her suit, as she failed to consult with an EEO counselor within forty-five (45) days of her non-selection. *Motion for Summary Judgment*, p. 3.

#### 1. Failure to Timely Exhaust Administrative Remedies

Defendant argues that Plaintiff has failed to timely exhaust her administrative remedies for a Title VII claim. As a threshold issue, a federal employee must timely exhaust administrative remedies in order to file a Title VII claim in federal court. 42 U.S.C. § 2000e-16. Exhaustion of administrative remedies requires compliance with the applicable EEOC filing regulations. *Briones v. Runyon*, 101 F.3d 287, 289 (2nd Cir. 1996).

The first step in the EEOC's administrative process requires that an aggrieved employee contact an EEO counselor within 45 days after the alleged discriminatory act. *See* 29 C.F.R. § 1614.105(a)(1). The failure to do so bars the employee from pursuing a claim relating to such discriminatory act in federal court. *Davis v. United States Postal Serv.*, 142 F.3d 1334, 1340 (10th Cir. 1998). Moreover, several courts have held that "[t]he time limit begins to run when the employee becomes aware of the adverse employment action." *Turton v. Kempthorne*, 2007 WL 2788618, at *4 (D.Colo. 2007) (citing *Beene v. Delaney*, 70 Fed.Appx. 486, 491 (10th Cir. 2003)). Plaintiff does not dispute that she first initiated contact with an EEO counselor on October 7, 2005, more than forty-five days after the August 13, 2005 adverse employment action occurred. *Response*, p. 8, 12. Plaintiff's failure to comply with the forty-five day time limit constitutes failure to exhaust administrative remedies.

However, "the administrative time limits created by the EEOC . . . are subject to equitable tolling, estoppel, and waiver." *Sullivan v. Harvey*, 2007 WL 763211, at *5 (D.Colo. 2007) (quoting *Bowden v. United States*, 106 F.3d 433, 437 (D.C.Cir. 1997)). *See also* 29 C.F.R. § 1614.604(c) (administrative time limits "are subject to waiver, estoppel, and equitable tolling"). It is important to note that equitable relief has been accorded by federal courts "only sparingly." *Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 96 (1991). Indeed, "[t]he Tenth Circuit has invoked the equitable tolling doctrine only in particularly egregious circumstances, such as when a plaintiff's reliance upon statements of a court or agency official or on a confusing right-to-sue letter caused him

6

or her to commit procedural errors in the course of otherwise diligently pursuing a claim." *Brucks v. O'Neill*, 184 F.Supp.2d 1103, 1111 (D.Kan. 2001) (reviewing Tenth Circuit cases applying equitable tolling). *See also Irwin*, 498 U.S. at 96 (holding that failure to comply with the time limits may be excused where "the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass"); *Mosley v. Pena*, 100 F.3d 1515, 1518 (10th Cir. 1996) ("Equitable tolling may be appropriate where the defendant has actively misled the plaintiff respecting the cause of action, or where the plaintiff has in some extraordinary way been prevented from asserting his rights") (internal quotation marks and citation omitted).

Once the defendant meets its burden of showing that the plaintiff failed to exhaust administrative remedies, the plaintiff then must plead and prove that her claims should be equitably tolled. *Harms v. Internal Revenue Service*, 146 F.Supp.2d 1128, 1135 (D.Kan. 2001) (citations omitted).

Plaintiff argues that the forty-five day deadline should be extended because she did not know and reasonably should not have known that the discriminatory personnel action occurred until October 6, 2005, one day prior to the time she made her initial

contact with an EEO counselor.³ *Response*, p. 12. Plaintiff relies on 29 C.F.R. § 1614.105(a)(2), which states:

> (2) The agency or the Commission shall extend the 45-day time limit in paragraph (a)(1) of this section when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them, that he or she did not know and reasonably should not have been [sic] known that the discriminatory matter or personnel action occurred, that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency or the Commission.

I note that Plaintiff makes no allegation that she was not notified of the time limit, nor that she was not aware of it. Neither does she allege that Defendant engaged in affirmative misconduct that caused her to miss the forty-five day limitations period. Instead, Plaintiff's sole argument is that she only came to be aware that an allegedly discriminatory motive may have existed for her non-selection on October 6, 2005, "after finding out that Mr. Kuecklehan **and** Mr. Meredith had been selected to the same position advertised in the June 8, 2005, vacancy announcement **and** that there would be no further selections off that announcement." *Response*, p. 12 (emphasis in original). She states, "I was not aware of being a victim of sexual discrimination until October 6, 2005. I filed with the National Intake Unit on October 7, 2005, one day after finding out that I had been overlooked in a job selection by a total of three males, two of

---

³While Plaintiff devotes a large portion of her Response to discussing the circumstances surrounding the selection of other individuals for the vacant position Plaintiff sought, such information is simply not relevant to whether the 45-day limitations period should be equitably tolled in this case.

8

who [sic] had no preferred placement privileges." *Response*, p. 13.

In response, Defendant argues that "even if [Plaintiff] learned of an allegedly discriminatory motive in her own selection more than 45 days after her nonselection, that doesn't toll the 45-day requirement. . . . [U]nder the plain language of the statute, it is the *knowledge* of the allegedly discriminatory act, and not the allegedly discriminatory *motive* for that act, that triggers the start of the 45-day time limit." *Reply*, p. 6 (emphasis in original).

In *Hulsey v. Kmart*, 43 F.3d 555 (10th Cir. 1994), the Tenth Circuit addressed whether the limitations period for filing a Title VII action is tolled until the plaintiff knew or should have known that the unfavorable job action was based on illegal motives. In *Hulsey*, the two plaintiffs experienced adverse employment actions in 1989 and 1990. 43 F.3d at 556. After watching a television program that aired in December of 1992, the plaintiffs came to suspect for the first time that they had been victims of age discrimination. *Id.* at 557. They argued that the limitations period should be tolled until December of 1992, the date when they first suspected that the adverse job actions may have been motivated by age discrimination. *Id.* The *Hulsey* court held that notice or knowledge of a discriminatory motive is not a prerequisite for a cause of action to accrue under Title VII. *Id.* at 558. The *Hulsey* court stated, "[o]n the contrary, it is knowledge of the adverse employment decision itself that triggers the running of the statute of limitations." *Id.* at 558-59 (citing *Hamilton v. 1st Source Bank*, 928 F.2d 86,

9

88-89 (4th Cir. 1990); *Gray v. Phillips Petroleum Co.*, 858 F.2d 610, 613 (10th Cir. 1988) (citations omitted)); *see also Beene v. Delaney*, 70 Fed.Appx. 486 at *3 (10th Cir. 2003); *Turton v. Kempthorne*, 2007 WL 2788618, at *4 (D.Colo. 2007); *Davis v. Wesley Retirement Communities*, 913 F.Supp. 1437, 1443 (D.Kan. 1995).

Plaintiff provides no case law to support her argument that the limitations period should begin on the date when she became aware of an allegedly discriminatory motive, instead of the date when she became aware of the adverse employment action. As far as this Court can discern, there is no case law that supports Plaintiff's argument. In fact, Defendants are correct that "[t]he 45-day time limit is strictly enforced by courts." *Motion for Summary Judgment*, p. 4. (citing *Carter v. Greenspan*, 304 F.Supp.2d 13, 22 (D.D.C. 2004) (finding that the plaintiff failed to exhaust administrative procedures where he initiated EEO contact within 48 days); *Hampton v. Caldera*, 58 Fed.Appx. 158, at *2(6th Cir. 2003) (finding that the plaintiff failed to exhaust administrative procedures where she initiated EEC contact within 48 days)).

As such, the plaintiff has not plead and proved that her claims should be equitably tolled. *Harms*, 146 F.Supp.2d at 1135. I find no disputed material facts concerning the equitable tolling doctrine. Accordingly, Plaintiff's claim is time-barred for failure to exhaust administrative procedures.

## IV.     Conclusion

For the reasons set out above, I respectfully RECOMMEND that **Defendant's**

**Motion for Summary Judgment** [Docket No. 19; filed July 2, 2007] be **GRANTED**.

FURTHER, IT IS **ORDERED** that pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *In re Key Energy Resources Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996).

BY THE COURT:
__s/ Kristen L. Mix_____
United States Magistrate Judge

Dated: January 23, 2008